LOUISIANA & TEXAS LUMBER CO. v. LOVELL et al.

(Court of Civil Appeals of Texas. Galveston. April 23, 1912.)

1. INFANTS (§ 24*)—ADVERSE POSSESSION OF PROPERTY—BURDEN OF PROOF.

Where defendants in trespass to try title established adverse possession for the statutory period, the burden was upon plaintiff to show that no title was acquired as against a certain owner because of her disability by minority.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 25; Dec. Dig. § 24.*]

2. INFANTS (§ 24*)—ADVERSE POSSESSION OF PROPERTY—TIME OF RUNNING OF LIMITATIONS.

Limitations do not begin to run against the owner of land until he becomes of age.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 25; Dec. Dig. § 24.*]

3. INFANTS (§ 24*)—ADVERSE POSSESSION OF LAND—MARRIAGE—EFFECT.

The statute of limitations began to run against a female minor owner of land held adversely by another when she married.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 25; Dec. Dig. § 24.*]

4. LIMITATION OF ACTIONS (§ 78*)—ADVERSE POSSESSION OF LANDS—COVERTURE.

The disability of coverture cannot be tacked to the disability of minority so as to defeat the running of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 422, 423; Dec. Dig. § 78.*]

5. INFANTS (§ 24*)—ADVERSE POSSESSION OF LAND—MARRIAGE—EVIDENCE.

Evidence in trespass to try title held not to show that a minor against whom limitations was claimed to have run married as late as June 1, 1895, so as to start the running of limitations from that date.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 25; Dec. Dig. § 24.*]

Appeal from District Court, Houston County; B. H. Gardner, Judge.

Action by the Louisiana & Texas Lumber Company against J. M. Lovell and others. From a judgment in part for defendants, plaintiff appeals. Affirmed.

Nunn & Nunn, of Crockett, for appellant. Adams & Young and Madden & Ellis, all of Crockett, and John B. Guinn, of Rusk, for appellees.

McMEANS, J. Appellant, Louisiana & Texas Lumber Company, brought this suit against the appellees, J. M. Lovell, W. B. Smith, and the Southern Pine Lumber Company, in form of trespass to try title for the recovery of 141⁸/₁₀ acres of land, part of the Pedro Miranda one-third league survey, situated in Houston county, described by metes and bounds. Appellees answered by general denial and pleas of not guilty, and specially pleaded the statute of limitations of 5 and 10 years.

Appellant in answer to the pleas of limitation of appellees filed its supplemental petition wherein it alleged that "the title to the land in suit was vested in Frost Thorn and Marcellite Thorn, who were minors under the age of 21 years at such time, and that said minors did not attain their majority until about the year or years 1895 and 1896, and that the plaintiff is claiming the title to the said land under and through said Frost Thorn and Marcellite Thorn, and now pleads said minority against any plea or pleas of limitation as set up in defendants' answer."

The case was tried before a jury and resulted in a verdict for defendants for one half of the land in controversy, and a verdict for appellant for the other half, and judgment was entered accordingly. From the judgment for appellees for one-half of the land, the appellant, after its motion for a new trial had been overruled, has appealed.

The evidence in the record justifies the following fact conclusions: The record title to the 141⁸/₁₀ acres of land is in appellant. In 1877 or 1878 one Lavenia Wilkerson settled upon the 141⁸/₁₀ acres, made improvements upon it, and continuously and adversely occupied, used, and enjoyed the same under such circumstances and claim as to perfect title in herself under the statutes of limitation of 10 years as against the true owners, unless such owners rested under some disability which prevented the statutes running against them. Mrs. Wilkerson's possession, having begun in 1877 or 1878, was uninterrupted by any breaks or changes in possession until the last of the year 1904 or the first part of the year 1905, at which time she moved off the land, but the evidence justified the jury in finding that, when she moved off, she rented the land for the year 1905 to one Bobbitt, who entered into possession and planted a corn crop thereon, but later in the year cattle broke into his field and ate up his corn crop, after which it seems he abandoned possession of it. Just when the land was abandoned by Bobbitt the testimony is somewhat in dispute; some of the witnesses saying that it was in April or May, and others that it was the latter

part of May or the first of June. In deference to the verdict of the jury, we find that the possession of the land was not abandoned until the 1st of June, 1905.

The undisputed testimony further shows that Marcellite Thorn was born in October, 1874, and her brother, Frost Thorn, was born in October, 1875. In 1876, by the death of their parents, in whom was the legal title, the title to the land in suit descended to and vested in them, each owning an undivided half interest. Marcellite reached the age of 21 years in October, 1895, and Frost in October, 1896. The testimony of the witness Durst shows, however, that Marcellite was married in the year 1895, before she attained her majority, but this witness was not positive as to the exact date of her marriage, saying at one time that it was in the late spring or early summer of 1895, at another time that it was in April, May, or June of that year, and at another time that she married in May or June.

By appropriate assignments of error appellant assails the action of the court in refusing to grant its motion for a new trial; the contention being that the evidence did not warrant the jury in finding against it for one-half of the land on the issue of 10 years' limitation, and further that the appellees had not discharged the burden resting upon them to prove facts to avoid the plea of minority of Marcellite and Frost Thorn and to overcome the facts offered in evidence under such plea.

We shall not consider the assignments in detail. The proof was sufficient to establish the adverse possession and occupancy of the land by Mrs. Wilkerson from the year 1878 to June 1, 1905.

[1] This proof was made by appellees, and thereupon the burden was cast upon appellant to prove that, because of the disability of minority of Marcellite and Frost Thorn, Mrs. Wilkerson had not acquired the title as against them.

[2-4] It was shown that Frost Thorn did not attain his majority until October, 1896, and, as limitation did not begin to run against him until then, it is clear that Mrs. Wilkerson did not hold possession of the land for 10 years after that date, for as before shown the possession was abandoned on the 1st of June, 1905, after the cattle had destroyed Bobbitt's crop of corn. This is conceded by appellees. But, as to Marcellite, we have a different case. It is true that she did not attain her majority until October, 1895, and that the land was abandoned within 10 years from that date. But the proof shows that before attaining her majority she married. When she married the statute began to run against her. It is well settled in this state that the disability of coverture cannot be tacked to the disability

of minority. Hunton v. Nichols, 55 Tex. 218; Parish v. Alston, 65 Tex. 194.

[5] It was therefore incumbent upon appellant in support of his plea of the disability of Marcellite to prove that, for 10 years next succeeding her marriage and the removal thereby of the disability of minority, there was no such continuous adverse possession of the land in controversy for the requisite length of time to divest her of the title and vest title in Mrs. Wilkerson under the statute of limitation of 10 years. The date of her marriage was, no doubt, capable of definite proof, and, had it been shown that it was as late as June 1, 1895, it would have been sufficient. But the burden of proving that the minority of Marcellite arrested the running of the statute to within 10 years before the abandonment of the land on June 1, 1905, by Mrs. Wilkerson's tenant, rested on appellant; and this burden was not discharged by the proof that she married in April, May, or June, 1895. This testimony was too indefinite to require the jury to find that her marriage occurred as late as June of that year.

We conclude, therefore, that the court did not err in refusing to grant appellant's motion for a new trial upon any of the grounds specified in the assignments of error, and the judgment of the court below is therefore affirmed.

Affirmed.